IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DONNA COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-565-SLP |
| | ) | |
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

The Court sua sponte considers its subject-matter jurisdiction following review of the Notice of Removal [Doc. No. 1] (Notice) filed in this case.[1] In the Notice, Defendant Bridgestone Americas Tire Operations LLC (BATO) fails to allege the necessary facts to sustain diversity jurisdiction and, therefore, the Court directs BATO to file an amended notice of removal.[2] Absent sufficient allegations in any amended notice, this matter may be remanded for lack of subject-matter jurisdiction.

The Notice states that Plaintiff is a "citizen of the State of Oklahoma" and cites the state-court petition as support. *Id*. at 2, ¶ 6. But the state-court petition alleges only that

---

[1] "[F]ederal courts unquestionably 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Havens v. Colo. Dep't of Corr.*, 897 F.3d 1250, 1260 (10th Cir. 2018) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

[2] As the party seeking to invoke the jurisdiction of this Court, BATO bear the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

Plaintiff "was at all relevant times a resident of Lawton, Oklahoma. Petition [Doc. No. 1-1] at 1, ¶ 1. Such allegations are insufficient. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) ("An individual's residence is not equivalent to his domicile[,] and it is domicile that is relevant for determining citizenship.").[3]

The Notice further states that "BATO is a Delaware limited liability company" again citing the state-court petition. Notice at 2, ¶ 7. The Notice alleges that BATO "for federal diversity purposes, is now, and was at the time the instant case was filed, a citizen of the State of Delaware (in which it is formed) and the State of Tennessee (in which it has its principal place of business). But the Notice fails to identify the members of BATO or the citizenship of those members. Thus, the Court cannot determine the citizenship of BATO. *See Siloam Springs*, 781 F.3d at 1237 ("[T]he citizenship of any non-corporate artificial entity is determined by considering all of the entity's members.").[4] Therefore, the Court finds BATO has failed to carry its burden, as the party invoking federal jurisdiction, to establish the existence of complete diversity of citizenship between the parties.

---

[3] "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006). Thus, an individual can reside in one place, but be domiciled in another.

[4] The state-court petition alleges that BATO is a "wholly owned subsidiary of Bridgestone Americas, Inc. *See* Pet. at 1, ¶ 2. But there is no allegation as to the citizenship of that entity. In any event, it is the citizenship of the members of a limited liability company that is determinative of diversity jurisdiction and BATO must identify its member(s) and the citizenship of the member(s).

IT IS THEREFORE ORDERED that Defendant Bridgestone Americas Tire Operations LLC shall file an amended notice of removal in compliance with the directives set forth herein within 14 days of the date of his Order or by June 10, 2025.[5]

IT IS FURTHER ORDERED that if an amended notice of removal is not timely and properly filed, the Court may remand this action back to the state district court.

IT IS SO ORDERED this 27th day of May, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

.

---

[5] BATO need not re-file the exhibits attached to the Notice of Removal but may incorporate them by reference pursuant to Fed. R. Civ. P. 10(c).